UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHNNY PETERSON,  *Plaintiff*, | : :  : |
| v. | : No. 3:17cv999 (MPS) |
| | : |
| EDWARD MALDONADO, *et al.*  *Defendants.* | : : : July 17, 2017 |

**INITIAL REVIEW ORDER**

On June 14, 2017, the plaintiff, Johnny Peterson, an inmate currently housed at Osborn Correctional Institution ("Osborn") in Somers, CT, brought a civil complaint against Warden Edward Maldonado, Correction Officer Dowles, Captain Chapdelaine, and two unnamed correction officers, identified only as John Does 1 and 2, in their individual and official capacities. On June 23, 2017, this Court granted the plaintiff's motion to proceed *in forma pauperis*. *See* Order #6. For the following reasons, the complaint is dismissed in part.

I.   Relevant Legal Principles

Under 28 U.S.C. § 1915A of the United States Code, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555–56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 550 U.S. at 570.  Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'"  *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

II.     Factual Allegations

On February 23, 2017, the plaintiff was housed in the E-Block unit at Osborn.  At approximately 9:00 or 9:30 a.m., he was instructed to exit his cell and proceed to the gym.  Around that time, two officers, apparently John Doe 1 and 2, were conducting a training exercise, in violation of Department of Correction administrative directives.  The two officers were part of the Correctional Emergency Response Team or "CERT" team.  When the plaintiff exited his cell, he observed approximately 150 to 200 CERT officers in full riot gear carrying assault rifles, shot guns, and tear gas guns.  The officers "were supervised by Captain Chapdelaine in Osborn, which was under the administration of Warden Edward Maldonado."  The lead CERT officer, Officer Dowles, shouted at the plaintiff, "I'll fuckin kill you!  I'll fuck you up!  Don't fuckin look at me!  I'll break your skull!"  The threatening remarks and display of weapons caused the plaintiff to suffer a panic attack.  When he arrived at the gym, the plaintiff was subject to further ridicule and "constant dehumanizing remarks."

The next day, the plaintiff spoke with Warden Maldonado, who informed him that he did not authorize a CERT training exercise and that inmates were not supposed to be

involved in any such training. As a result of the incident, the plaintiff now suffers from post-traumatic stress disorder, anxiety attacks, and panic attacks. He is suing each defendant for monetary damages.

III.    Analysis

    A. *Officer Dowles*

The plaintiff does not specify in his complaint the cause of action for his case. Although the plaintiff states that the prison was in violation of its own regulations by conducting a drill in the presence of an inmate, "a prison inmate does not have a viable § 1983 claim based solely on prison officials' failure to adhere to the requirements of prison regulations, directives or policy statements." *Lopez v. Reynolds*, 998 F.Supp. 252, 259 (W.D.N.Y. 1997); *see also Russell v. Coughlin*, 910 F.2d 75, 78 n. 1 (2d Cir. 1990). Because he is pursuing his case under 42 U.S.C. § 1983, the Court will construe his allegations as a claim of deliberate indifference to safety under the Eighth Amendment.

To state a claim for deliberate indifference to safety, the plaintiff must show that the alleged conduct is sufficiently serious and that the defendants acted with a sufficiently culpable state of mind, that is, that they acted maliciously and sadistically to cause harm. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The defendants must have been aware that the plaintiff faced an excessive risk to his health and safety and ignored that risk. *See id.* at 837. To determine whether the plaintiff faced an excessive risk of serious harm, the courts "look at the facts and circumstances of which the official was aware at the time he acted or failed to act." *Hartry v. County of Suffolk*, 755 F. Supp. 2d 422, 436 (E.D.N.Y. 2010) (internal quotation marks and citation omitted). 42 U.S.C. § 1997e(e) (emphasis added).

3

Construed liberally, the plaintiff states a plausible Eighth Amendment deliberate indifference to safety claim against Officer Dowles in his individual capacity. Plaintiff makes the deliberate indifference claim based on allegedly threatening remarks Officer Dowles made to the plaintiff, while he was wearing tactical gear and carrying a weapon. The plaintiff states that this caused him emotional distress.

Under the PLRA allegations of emotional distress—absent allegations of a physical injury—will not suffice for a plaintiff to recover compensatory damages. 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."). But if "the plaintiff alleges the violation of a constitutional right, the action is not entirely barred and the plaintiff may obtain injunctive or declaratory relief, and nominal or punitive, but not compensatory damages irrespective of any physical injury if [he] proves that violation." *Voorhees v. Goord*, No. 05 Civ. 1407, 2006 WL 1888638, at *9 (S.D.N.Y. Feb. 24, 2006). As such, although the plaintiff will not be able to recover compensatory damages based on the injury alleged, he may be able to obtain nominal and/or punitive damages.

Because the plaintiff is only seeking monetary damages, he cannot sue Dowles in his official capacity. *See Kentucky v. Graham*, 473 U.S. 159 (1985) (claims for monetary damages against defendants in official capacities are barred by Eleventh Amendment); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (same).

    B. *Other Defendants*

The plaintiff's factual allegations also do sufficiently state a cause of action against the two unidentified correction officers. The plaintiff has not alleged that the two

4

John Doe officers committed any wrongful act against him that would give rise to a constitutional violation.

As for Maldonado and Chapdelaine, it appears that the plaintiff has only attached them to this lawsuit because of their supervisory roles in the prison. *See Johnson v. Glick*, 481 F.2d 1028, 1034 (2d Cir. 1973) (doctrine of *respondeat superior* does not suffice for claim of monetary damages under section 1983). A plaintiff who sues a supervisory official for monetary damages must allege that the official was "personally involved" in the constitutional deprivation in one of the following ways: (1) the defendant directly participated in the deprivation; (2) the defendant learned about the deprivation through a report or appeal and failed to remedy the wrong; (3) the defendant created or perpetuated a policy or custom under which unconstitutional practices occurred; (4) the official was grossly negligent in managing subordinates who caused the unlawful condition or event; and (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).

While this Court has continued to apply *Colon* since the *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) decision, the Second Circuit has not yet clarified whether—or how— *Iqbal* alters the *Colon* test. *See, e.g.*, *Boyd v. Arnone*, 48 F.Supp.3d 210, 218 (D.Conn.2014) ("Because it is unclear whether *Iqbal* overrules or limits *Colon*, the court will continue to apply the categories for supervisory liability set forth in *Colon*."). But "there is no controversy that allegations that do not satisfy any of the *Colon* prongs are insufficient to state a claim against a defendant-supervisor." *Aguilar v. Immigration &*

*Customs Enforcement Div. of the U.S. Dep't of Homeland Sec.*, 811 F.Supp.2d 803, 815 (S.D.N.Y.2011).

Here, the plaintiff does not allege that either Maldonado or Chapdelaine authorized or was even aware of the training exercise or Dowles' conduct until after it occurred. He does not allege how, if at all, Dowles' conduct was the result of Maldonado's and/or Chapdelaine's policies or negligence or that they failed to remedy the harm that occurred.

Thus, pursuant to 28 U.S.C. § 1915A(b)(2), the plaintiff may proceed only on his claim against Dowles in his individual capacity. All other claims are dismissed.

## ORDERS

(1) All claims against defendants Maldonado, Chapdelaine, John Doe 1, and John Doe 2 are DISMISSED. The plaintiff's Eighth Amendment claim may proceed against defendant Dowles in his individual capacity only and for nominal and punitive damages only.

(2) The Clerk shall verify the current work address for defendant Dowles with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet containing the complaint to him at the confirmed address within **twenty-one (21) days of this Order**, and report to the court on the status of the waiver request on the **thirty-fifth (35) day after mailing**. If the defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on him, and the defendant shall be required to pay the costs of such service in accordance with Fed. R. Civ. P. 4(d).

(3) Defendant Dowles shall file his response to the complaint, either an answer or motion to dismiss, **within sixty (60) days from the date the notice of lawsuit and waiver of service of summons forms are mailed to him**. If he chooses to file an answer, he shall admit or deny the allegations and respond to the cognizable claims recited above. He may also include any and all additional defenses permitted by the Federal Rules.

(4) Discovery, pursuant to Fed. R. Civ. P. 26-37, shall be completed **within six months (180 days) from the date of this order**. Discovery requests need not be filed with the court.

(5) All motions for summary judgment shall be filed **within seven months (210 days) of the date of this order**.

It is so ordered.

Dated at Hartford, Connecticut this 17th day of July 2017.

/s/
Hon. Michael P. Shea
United States District Judge